**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTELLA MEDRANO, Individually and on behalf of her minor child  on behalf of L.V, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ROBERT DIVENTI; et al., <br><br> Defendants-Appellees. | No.   15-16664 <br><br> D.C. No. 2:13-cv-01052-SRB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted April 6, 2017
Pasadena, California

Before:  McKEOWN and CALLAHAN, Circuit Judges, and QUIST,** District
Judge.

After charges of armed robbery against her were dismissed, Estella Medrano

filed this action against several Phoenix police officers ("Defendants") under 42

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

U.S.C. § 1983. The district court granted summary judgment for the Defendants on Medrano's false imprisonment claim, finding that the officers had probable cause to arrest her. Medrano appeals arguing that disputes over the historical facts, and the inferences drawn therefrom, raise factual issues that should be decided by a jury, not the court. We affirm.

A grant of summary judgment is reviewed de novo and the court may affirm on any basis supported by the record. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009). An officer's claim of qualified immunity requires a two-step analysis: (1) was the law governing the officer's conduct clearly established; and (2) could a reasonable officer have believed his conduct was lawful. *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 70 F.3d 1095, 1100–1101 (9th Cir. 1995). In *ActUp!/Portland v. Bagley*, 988 F.2d 868, 873 (9th Cir. 1993), we held that qualified immunity should be determined early by the district court and that the determination of whether the facts support an objective belief of probable cause is ordinarily a question for the court and is not a factual question that precludes summary judgment. *See Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1181 (9th Cir. 2013) (noting that whether historical facts support an objective belief that the defendant acted reasonably is a question of law to be decided by the court).

Medrano does not really challenge the facts of the armed robbery, as they are shown in the convenience store's video. Rather, she contests the inferences that Defendants drew from the facts, such as whether the female suspect was with the male robber, sought to distract the clerk by asking for water, asked the robber to stop, and appeared to abandon the robbery. However, while Medrano has shown that the historic facts might support other inferences, she has not shown that the inferences drawn by Defendants were unreasonable.

Similarly, Medrano does not contest the facts that led to her arrest: her association with the robber, her resemblance to the female suspect, and the officers' identification of her. Rather, she argues that her association was not enough to create probable cause, she was heavier than the female suspect, and the officer was mistaken in his identification of her from her driver's license photo. However, unlike the situation in *Torres v. City of Los Angeles*, 548 F.3d 1197 (9th Cir. 2008), on which Medrano relies, the historical facts here are not really in dispute and there were no irregularities in the photo identifications. Medrano has not shown that the cumulative facts did not constitute probable cause for her arrest, or that a reasonable officer could not reasonably believe that they constituted probable cause.

The district court's grant of summary judgment is **AFFIRMED**.[1]



---

[1]    Because we affirm the grant of summary judgment we do not address the defendants' non-frivolous alternate argument that Medrano's false imprisonment claim is untimely. *See Wallace v. Kato*, 549 U.S. 384, 389 (2007), (holding that a false imprisonment ends when the victim is held pursuant to "legal process").